IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEBORAH L.C. STOKER-HILL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1456-L** |
| | § | |
| **GREYHOUND LINES, INC., JANICE** | § | |
| **WALKER, AND ANNETTE DOUGLAS**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, or in the Alternative Motion for a More Definite Statement, filed October 1, 2008. Plaintiff Deborah L.C. Stoker-Hill did not file a response to Defendants' motion. After careful consideration of the motion, brief, record, and applicable law, the court **grants in part** and **denies in part without prejudice** Defendants' Motion to Dismiss, and **grants** Defendants' Motion for a More Definite Statement.

### I. Background

Deborah L.C. Stoker-Hill ("Plaintiff" or "Stoker-Hill") filed this action on August 19, 2008, against Greyhound Lines, Inc. ("Greyhound"), Janice Walker ("Walker"), and Annette Douglas ("Douglas") (collectively, "Defendants"). The court is uncertain of the nature of Plaintiff's claims against Defendants because her Complaint is nonspecific and not a model of pellucid draftsmanship. Plaintiff's Complaint consists of one page and reads as follows:

> Greyhound Lines, Inc. Has wrong information in my Personnel Action file. The information says I was terminated for Employee Conduct and Discharged for Cause. I am not eligible for Rehire. Again, all that information is wrong. I have proof from A. Oneil, Hearing Officer from Texas Work Force Commission. Janice Walker

**Memorandum Opinion and Order - Page 1**

> wasn't suppose[d] to terminate me. Greyhound Lines, Inc. has a Four[-]Step Employee Development Plan. Janice didn't follow the plan.
>
> Annette Douglas "put me out" of the company on August 20, 2007. I was still an employee. Annette said I wasn't allowed to call or talk with anyone. That information isn't true. Annette has to allow me to call or to go see David Mussa. He is the General Manager. I have proof.

Attached to Plaintiff's Complaint are ninety pages of documents that relate to personnel records of Greyhound, records of the Equal Employment Opportunity Commission ("EEOC"), and records of the Texas Workforce Commission. The attached documents, however, do not provide sufficient insight to the court for it to determine the nature of Plaintiff's claims against any Defendant.

Defendants contend that it is unclear what claims Stoker-Hill is asserting and that Stoker-Hill has failed to state a claim upon which relief can be granted with respect to any purported claims in her Complaint. With respect to any possible age discrimination claim, Defendants contend that such claim is barred because it was not filed within ninety days of Plaintiff's right-to-sue notice from the EEOC. With respect to Defendants Walker and Douglas, Defendants contend that they were not properly served and that individuals cannot be held liable as a matter of law under the Age Discrimination in Employment Act ("ADEA") because they are not employers within the meaning of the statute. Defendants therefore move to dismiss pursuant to Rule 12(b)(5), insufficient service of process, and Rule 12(b)(6), failure to state a claim upon which relief can be granted, of the Federal Rules of Civil Procedure. Alternatively, Defendants request the court to order Plaintiff to file a more definite statement of her claims.

## II. Defendants' Motion to Dismiss

### A. Failure to State a Claim Upon Which Relief Can Be Granted

#### 1. Standard for Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### 2. Analysis

Defendants are correct in that Plaintiff's Complaint fails to set forth, even in a general or conclusory way, allegations from which one could reasonably infer the existence of any elements of any claim or cause of action against Defendants. Simply stated, Plaintiff's Complaint is woefully inadequate in this regard. The most that one can reasonably infer is that Plaintiff believes she was wrongfully terminated because Greyhound did not follow its four-step Employee Development Plan; however, these allegations do not contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief" as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The court does not know the basis of Plaintiff's claims and therefore cannot determine whether she is entitled to relief.

### B. Timeliness of Plaintiff's Possible Age Discrimination Claim

Defendants contend that any age discrimination claim Plaintiff seeks to assert is time-barred because it was not brought within ninety days of receipt of her right-to-sue notice from the EEOC. For the reasons herein stated, the court disagrees.

A person who actually receives a right-to-sue notice from the EEOC regarding an age discrimination charge must file suit within ninety days of receipt of the notice. 29 U.S.C. § 626(e); *Julian v. City of Houston*, 314 F.3d 721, 727 n.12 (5th Cir. 2002). The notice in this case was mailed to Plaintiff on May 19, 2008. Defendants contend that any age discrimination claim is untimely because Plaintiff filed her lawsuit on August 19, 2008, ninety-two days after she received her right-to-sue notice from the EEOC. Defendants mistakenly assert that Plaintiff received her notice on May 19, 2008. As clearly reflected on the notice, this date is the date that the EEOC **mailed** the notice to Plaintiff, not the date Plaintiff received it. The date of receipt is unknown.

When the date of receipt is unknown, this circuit has adopted the "presumption of receipt" rule that ranges "from three to seven days after the [notice] was mailed." *Taylor v. Books A Million*, 296 F.3d 376, 379-80 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003) (citations omitted). In *Taylor*, the court allowed seven days under "the presumption of receipt" doctrine, *id.* at 380; while in *Martin v. Alamo Community Coll. Dist.*, 353 F.3d 409, 411 (5th Cir. 2003), the court presumed that the plaintiff received his right-to-sue notice three days after it was mailed. Presuming that Plaintiff received the letter on May 22, 2008, three days after it was mailed, the ninety-day period expired on **August 20, 2008**. Even when the court applies the least number of days allowed under the "presumption of receipt" rule, Plaintiff's age claim will be timely. Accordingly, Plaintiff's lawsuit, assuming she is asserting a claim for age discrimination, is not time-barred.

### C. Claims Against Defendants Walker and Douglas

Walker and Douglas contend that Plaintiff's Complaint is unclear as to the specific claims against them. The court has already addressed the deficiencies of Plaintiff's Complaint and agrees with Walker and Douglas. The court, however, believes that Plaintiff should be allowed an opportunity to replead or state with the requisite specificity her claims against these Defendants.

Walker and Douglas also contend that the U.S. Marshal's Office has not provided any return of service for them. In particular they state that a copy of Plaintiff's Complaint was left with a receptionist at Greyhound's corporate headquarters for Walker and Douglas. For this reason, they contend that "[s]imply leaving the Complaint at corporate headquarters is insufficient service of process." Defs.' Mot. to Dismiss 6. This argument is hypertechnical and exalts form over substance.

Although the record does not reflect that a copy of the Complaint and summons was delivered personally to either Defendant, or left at either Defendant's dwelling or usual place of abode as required by Rule 4(e)(2)(A),(B) of the Federal Rules of Civil Procedure, the court believes that Walker and Douglas have actual notice of Plaintiff's lawsuit. According to Defendants, a copy of the Complaint and summons was left with a receptionist at Greyhound's corporate office. A receptionist's responsibilities include, among other things, answering the telephone, meeting and greeting visitors and customers, handling inquiries, and receiving and forwarding messages. The record reflects that the receptionist or a person with requisite knowledge had no trouble instructing the marshal to serve Greyhound at CT Corporation, 350 N. St. Paul Street, Dallas, Texas, and service was effected on Greyhound. Nothing in the record reflects that the marshal was informed that Walker or Douglas no longer worked for Greyhound. If they did not work for Greyhound, the

receptionist should have so informed the Marshal, and he would not have left the documents. If Walker and Douglas worked for Greyhound at the time the marshal left the Complaint and summons, the receptionist should have called them to the reception area so that the marshal could have flawlessly effected service. The court believes that a corporation of Greyhound's standing would employ a receptionist of suitable age and discretion who would request that the sued party come and receive the Complaint and summons, deliver the documents to the sued party, inform the marshal that the sued party no longer works for the company, or inform the marshal where to serve the sued party. The latter is precisely what the receptionist or a person with requisite knowledge did on behalf of Greyhound. **The purpose of service is to ensure that a party has notice of a lawsuit and to allow the party to respond as required by law**. The court is convinced that this objective has been accomplished, and it will not exalt form over substance.

Finally, Walker and Douglas contend that they cannot be liable to Plaintiff under the ADEA. The court agrees. The ADEA authorizes lawsuits against employers only. 29 U.S.C. § 623(a). It is clear from Plaintiff's Complaint that Walker and Douglas are supervisory personnel. "[T]he ADEA provides no basis for individual liability for supervisory employees." *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Accordingly, to the extent Plaintiff seeks to assert an ADEA claim against Walker and Douglas, such claim will be dismissed with prejudice.

### III.     Defendants' Motion for a More Definite Statement

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." For the reasons previously set forth in section II(A)(2) of this opinion, the court determines that Plaintiff's Complaint falls within the

Rule 12(e) standard. Accordingly, the court will require Plaintiff to provide Defendants a more definite statement of her claims, or in the alternative she may amend her pleadings to comply with Rule 8 and the court's standard as set forth in section II(A)(1) of this opinion.

### IV. Conclusion

For the reasons stated herein, the court **grants** Defendants' Motion to Dismiss to the extent that it **dismisses with prejudice** any purported age discrimination claim against Defendants Walker and Douglas. Defendants' Motion to Dismiss is **denied without prejudice** in all other respects. The court **grants** Defendants' Motion for More Definite Statement. Accordingly, Plaintiff Stoker-Hill shall file an amended complaint, or file a statement that sets forth the nature of her claim and the basis for the claim. In other words, Plaintiff may not merely state that she was the victim of age discrimination. Plaintiff must include allegations that show, or from which a reasonable person could infer, that she was at least forty years of age at the time of her termination and that her termination was because of or based on her age. Plaintiff Stoker-Hill is placed on notice that in filing the amended complaint or more definite statement, her allegations may not be conclusory or vague. The amended complaint or more definite statement must be filed by **March 13, 2009, 5:00 p.m.** Failure of Plaintiff Stoker-Hill to file by this deadline will result in dismissal under Rule 12(b)(6) or Rule 41(b) of the Federal Rules of Civil Procedure.

**It is so ordered** this 11th day of February, 2009.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge